UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KATHRYN L. DOWDEN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 1:11-CV-00063 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Kathryn Dowden appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for a period of disability and Disability Insurance Benefits ("DIB").[1] (Docket # 1.) For the following reasons, the Commissioner's decision will be REVERSED, and the case will be REMANDED to the Commissioner for further proceedings in accordance with this Opinion.

### I. FACTUAL AND PROCEDURAL HISTORY[2]

Dowden applied for DIB in April 2006, alleging that she became disabled as of November 15, 2005. (Tr. 118-20.) She was sixty-one years old as of her alleged onset date, had a high school education and more than one year of college, and possessed past relevant work as a shipping and receiving supervisor and paint salesperson. (Tr. 33, 51-55, 72, 118, 204.) She

---

[1] All parties have consented to the Magistrate Judge. *See* 28 U.S.C. § 636(c).

[2] In the interest of brevity, this opinion recounts only the portions of the 383-page record necessary to the decision.

alleges disability due to fibromyalgia, major depressive disorder, rheumatoid arthritis, and multilevel cervical degenerative changes. (Opening Br. of Pl. in Social Security Appeal Pursuant to L.R. 7.3 ("Opening Br.") 3.)

The Commissioner denied Dowden's DIB application initially and upon reconsideration, and Dowden requested an administrative hearing. (Tr. 74-81.)  Administrative Law Judge ("ALJ") Bryan Bernstein conducted a hearing on February 19, 2009, at which Dowden (who was represented by counsel), her daughter, and a vocational expert testified. (Tr. 23-58.)  In a decision dated September 16, 2009, the ALJ concluded that Dowden had the RFC "to perform light work . . . except the claimant cannot successfully engage in work demanding constant manipulation involving fine work, gripping, grasping, twisting, turning, picking, pushing, or pulling with hands or fingers." (Tr. 70.)  Based on this RFC and the vocational expert's testimony, the ALJ concluded that Dowden was not disabled because she could perform her past relevant work as a shipping and receiving supervisor or paint salesperson despite the limitations caused by her impairments. (Tr. 64-73.)

Dowden timely requested a review of the ALJ's decision. (Tr. 21.)  The Appeals Council granted review (Tr. 1-22), and Dowden then submitted additional evidence. (Tr. 365-69.)  This evidence included a report from Dr. James Ehlich dated July 23, 2009, which indicated that Dowden's symptoms had abruptly worsened since the hearing date, necessitating her hospitalization. (Tr. 365-69.)  Dr. Ehlich also added aggressive rheumatoid arthritis to Dowden's previous fibromyalgia diagnosis. (Tr. 365-69.)

On July 1, 2010, Dr. Richard Polin reviewed Dowden's record for the Appeals Council.

(Tr. 382-83.)  He concluded that from the alleged onset date through July 4, 2009, Dowden was "capable of light work with [the] ability to change positions hourly and infrequent stooping, bending, climbing, and crawling and fine hand manipulations." (Tr. 382.)  He observed that after that time period Dowden's condition worsened and a component of inflammatory arthritis was found. (Tr. 382.)  Accordingly, he opined that as of July 5, 2009, Dowden was "capable of sedentary work with a sit/stand option, infrequent bending, no stooping, climbing, crawling, or repetitive hand movements." (Tr. 382.)

On December 16, 2010, the Appeals Council, after considering the additional evidence, issued its decision. (Tr. 1-4.)  For the period from Dowden's alleged onset date through July 4, 2009, the Appeals Council adopted the following findings and conclusions of law of the ALJ:

> Step One.  Dowden had not engaged in substantial gainful activity after her alleged onset date.
>
> Step Two: Dowden's impairments were severe.
>
> Step Three: Dowden's impairment or combination of impairments were not severe enough to meet a listing.  Dowden's symptom testimony was not reliable and she had the RFC "to perform light work . . . except the claimant cannot successfully engage in work demanding constant manipulation involving fine work, gripping, grasping, twisting, turning, picking, pushing, or pulling with hands or fingers."
>
> Step Four: Dowden was able to perform her past relevant work as a paint salesperson or shipping and receiving coordinator, and therefore was not disabled.

(Tr. 1, 66-72.)

The Appeals Council further articulated, however, that after the ALJ's decision was issued, Dowden submitted new evidence that indicated a worsening of her impairments. (Tr. 2.)  Based on this new evidence, the Appeals Council determined that,

3

as of July 5, 2009, Dowden had the RFC to perform "sedentary work with a sit/stand option but restricted to infrequent bending with no stooping, climbing, crawling or repetitive hand movements." (Tr. 2.) The Appeals Council acknowledged that this RFC prevented Dowden from performing her past relevant work and significantly eroded the unskilled sedentary occupational base. (Tr. 2.) Consequently, the Appeals Council determined that Dowden became disabled on July 5, 2009, the date of the worsening of her impairments. (Tr. 2.)

Dowden filed a complaint with this Court on February 18, 2011, seeking relief from the Commissioner's final decision in part. (Docket # 1.) She advances just one argument in her appeal—that the Appeals Council failed to properly evaluate Dr. Polin's opinion of her limitations for the period from her alleged onset date through July 4, 2009.[3] (Opening Br. 14-16.)

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court "the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed only if it is not supported by substantial

---

[3] Where, as here, the Appeals Council granted a claimant's request for review and issued a decision on the merits, the additional evidence submitted by the claimant to the Appeals Council was part of all the evidence before the Council and therefore is reviewed by the Court. *Eads v. Sec'y of the Dep't of Health & Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993); *Sellinger v. Astrue*, No. 1:10-cv-1141, 2011 WL 3902816, at *6 (S.D. Ind. Sept. 6, 2011).

evidence or if the ALJ applied an erroneous legal standard. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

To determine if substantial evidence exists, the Court reviews the entire administrative record but does not re-weigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for the Commissioner's. *Id.* Rather, if the findings of the Commissioner are supported by substantial evidence, they are conclusive. *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). Nonetheless, "substantial evidence" review should not be a simple rubber-stamp of the Commissioner's decision. *Clifford*, 227 F.3d at 869.

### III. ANALYSIS

#### A. The Law

Under the Act, a claimant is entitled to DIB if she establishes an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the Commissioner, *see* 20 C.F.R. §

404, Subpt. P, App. 1; (4) whether the claimant is unable to perform her past work; and (5) whether the claimant is incapable of performing work in the national economy.[4] *See* 20 C.F.R. § 404.1520; *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford*, 227 F.3d at 868.

### B. A Remand Is Necessary to Consider Dr. Polin's Opinion of Dowden's Limitations From Her Alleged Onset Date Through July 4, 2009

Dowden contends that the Appeals Council erred by failing to consider Dr. Polin's opinion of Dowden's limitations from her alleged onset date through July 4, 2009. Dowden's argument has merit, necessitating a remand of the Commissioner's final decision.

The Commissioner must "evaluate every medical opinion [it] receive[s]." 20 C.F.R. § 404.1527(d). Each medical opinion (other than a treating physician's opinion entitled to controlling weight) must be evaluated pursuant to factors set forth in 20 C.F.R. § 404.1527(d) to determine the proper weight to apply to it. 20 C.F.R. § 404.1527(d); SSR 96-2p; *see Campbell v. Astrue*, 527 F.3d 299, 308-09 (7th Cir. 2010); *White v. Barnhart*, 415 F.3d 654, 658-60 (7th Cir. 2005); *Windus v. Barnhart*, 345 F. Supp. 2d 928, 939-43 (E.D. Wis. 2004). Factors to consider

---

[4] Before performing steps four and five, the ALJ must determine the claimant's residual functional capacity ("RFC") or what tasks the claimant can do despite her limitations. 20 C.F.R §§ 404.1520(e), 404.1545(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of. 20 C.F.R. § 404.1520(e).

include: (1) the nature of the relationship, whether treating, examining, or reviewing; (2) how much supporting evidence is provided; (3) the consistency between the opinion and the record as a whole; (4) whether the physician is a specialist; and (5) any other factors brought to the attention of the Commissioner. 20 C.F.R. § 404.1527(d); *see Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996); *see generally Ottman v. Barnhart*, 306 F. Supp. 2d. 829, 839 (N.D. Ind. 2004) ("The regulations, and this Circuit, clearly recognize that reviewing physicians and psychologist[s] are experts in their field and the ALJ is entitled to rely on their expertise."); 20 C.F.R. § 404.1527(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.").

As described *supra*, after reviewing the evidence submitted after the hearing date, the Appeals Council ultimately adopted the limitations designated by Dr. Polin as of July 5, 2009—that Dowden "was capable of sedentary work with a sit/stand option but restricted to infrequent bending with no stooping, climbing, crawling or repetitive hand movements." (Tr. 2.) The Appeals Council, however, failed to mention Dr. Polin's opinion that from her alleged onset date through July 4, 2009, Dowden was capable of performing "light work with [the] ability to change positions hourly and *infrequent* stooping, bending, climbing, and crawling and fine hand manipulations." (Tr. 382 (emphasis added).)  This opinion by Dr. Polin conflicts with the RFC assigned by the ALJ, and subsequently adopted by the Appeals Council, only precluding Dowden from jobs demanding "*constant*" finger manipulations. (Tr. 1, 70 (emphasis added).)

Although the Appeal Council or ALJ need not discuss every piece of evidence in the

7

record, it "may not ignore an entire line of evidence that is contrary to the ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citations omitted); *see* SSR 96-5p ("[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored."). When probative evidence is left unmentioned by the Appeals Council or ALJ, the Court is left to wonder whether it was even considered. *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *see Walters v. Astrue*, No. 11-1740, 2011 WL 5024149, at *4 (7th Cir. Oct. 21, 2011) (unpublished) ("[W]hen there is reason to believe that an ALJ ignored important evidence—as when an ALJ fails to discuss material, conflicting evidence—error exists."); *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984) (emphasizing that unless the ALJ sufficiently articulates his reasoning, the reviewing court cannot tell if the ALJ rejected probative evidence or simply ignored it). Furthermore, "[w]here conflicting evidence allows reasonable minds to differ, the responsibility for resolving the conflict falls on the [Appeals Council or] ALJ, not the court." *Lee v. Barnhart*, No. 01 C 2776, 2003 WL 260682, at *5 (N.D. Ill. Feb. 6, 2003) (citing *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)).

Moreover, here, the Appeals Council's omission is far from harmless. *See generally Skarbek v. Barnhart*, 390 F.3d 500, 5004 (7th Cir. 2004) (concluding that an error is harmless when it "would not affect the outcome of the case"). At step four, the ALJ concluded that Dowden was not disabled because she could perform her past relevant as a shipping and receiving supervisor and paint salesperson. (Tr. 72.) The vocational expert, however, testified that a hypothetical individual with Dowden's RFC could not perform these jobs if she were limited to only "occasional" fingering. (Tr. 55-56.) Thus, the restriction to "infrequent" finger

manipulation opined by Dr. Polin from Dowden's alleged onset date through July 4, 2009, precludes Dowden from performing her past relevant work and, as such, is incompatible with the Appeals Council's and ALJ's findings and conclusions for that time period.

For these reasons, a remand is warranted so that the Commissioner may consider Dr. Polin's opinion of Dowden's limitations from her alleged onset date through July 4, 2009, which is inconsistent with the findings and conclusions assigned by the ALJ and the Appeals Council for that period. *See Clifford*, 227 F.3d at 869 (explaining that the court does "not reweigh the evidence, *resolve conflicts*, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner" (emphasis added)).

## IV.  CONCLUSION

For the reasons articulated herein, the decision of the Commissioner is REVERSED, and the case is REMANDED to the Commissioner for further proceedings in accordance with this Opinion.  The Clerk is directed to enter a judgment in favor of Dowden and against the Commissioner.

SO ORDERED.

Enter for this 16th day of December, 2011.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge
